UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DALTON WALKER, JR.,

    Plaintiff,                                  Civil Action No. 16-CV-11714

vs.                                               HON. BERNARD A. FRIEDMAN

PARKSIDE-FIVE ASSOCIATES, LLC,
GERRY CLIXBY and
GAIL KADE,

    Defendants.
_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING THE COMPLAINT**

        This matter is presently before the Court on plaintiff's application to proceed in forma pauperis. For the following reasons, the Court shall (1) grant the application and therefore allow the complaint to be filed without prepayment of the filing fee, and (2) dismiss the complaint because it fails to state a claim upon which relief may be granted and because the Court lacks subject matter jurisdiction.

        Pursuant to 28 U.S.C. § 1915(a)(1), the Court may permit a person to commence a lawsuit without prepaying the filing fee, provided the person submits an affidavit demonstrating that he "is unable to pay such fees or give security therefor." In the present case, plaintiff's application to proceed in forma pauperis makes the required showing of indigence. The Court shall therefore grant the application and permit the complaint to be filed without requiring plaintiff to prepay the filing fee.

        Pro se complaints are held to "less stringent standards" than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nonetheless, the Court is required by statute to dismiss

an in forma pauperis complaint if it

> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011) (citations and internal quotations omitted). Further, the Court is required to dismiss the complaint, whether or not plaintiff is proceeding in forma pauperis and whether or not the complaint states a claim, if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

In the present case, the complaint concerns a dispute plaintiff had with his landlord, Parkside-Five Associates, LLC, and two of its agents, Gerry Clixby and Gail Kade, in 2014-2015. The essence of the dispute appears to be that plaintiff objected to defendants' efforts to evict him due to other tenants complaining about plaintiff playing his stereo too loudly. Plaintiff alleges defendants conspired to evict him without cause. Plaintiff, who eventually left the apartment after the landlord commenced an eviction action in state court, also complains that defendants did not comply with state statutory requirements regarding the assessment of damage costs and the return of his security deposit. Plaintiff claims his wrongful eviction resulted in him being homeless for 38 days and that defendants' conduct caused him emotional distress. For relief, plaintiff seeks $30,000 in damages.

This Court has no jurisdiction over the subject matter of this complaint. It is not alleged that the citizenship of the parties is diverse (or that more than $75,000 is in controversy) or that a federal question is presented. Therefore, no subject matter jurisdiction exists under either 28

U.S.C. § 1331 or § 1332.  For this reason alone, the Court must dismiss the complaint.

Further, even if the Court had subject matter jurisdiction, it would be required to dismiss the complaint for failure to state claim.  Plaintiff indicates that the eviction and security deposit claims have already been litigated in state court.  Plaintiff is therefore barred by the doctrine of res judicata from relitigating those issues here.  The only remaining claim which may not have been litigated in state court is that defendants caused plaintiff emotional distress.  However, plaintiff does not allege "extreme and outrageous conduct," which is a necessary element of such a claim. *Mroz v. Lee*, 5 F.3d 1016, 1019 (6th Cir. 1993).  Therefore, in addition to the amount in controversy being insufficient to invoke diversity jurisdiction, no claim for emotional distress is stated. Accordingly,

IT IS ORDERED that plaintiff's application for leave to proceed in forma pauperis is granted.  The complaint is filed and the filing fee need not be prepaid.

IT IS FURTHER ORDERED that the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim and under Fed. R. Civ. P. 12(h)(3) for lack of subject matter jurisdiction.

_s/ Bernard A. Friedman_____
Dated:  June 7, 2016            BERNARD A. FRIEDMAN
      Detroit, Michigan         SENIOR UNITED STATES DISTRICT JUDGE